IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| EUNICE MURPHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:05CV-1545 RWS |
| | ) |
| MIDLAND CREDIT MANAGEMENT | ) |
| et. al. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S AMENDED REPLY TO TRANS UNION'S RESPONSE TO HER MOTION FOR A PROTECTIVE ORDER OR IN THE ALTERNATIVE TO COMPEL**

Plaintiff is filing this amended reply because her counsel discovered a rather serious error in the original document filed.  The original document referred to the rule in this district on the sufficiency of the CDV process as the **minority** rule when it clearly is the **majority** rule as well as the rule most in line with the purposes of the FCRA (see plaintiff's summary judgment responses).  Plaintiff wanted to insure that no confusion would result as to her position.

Plaintiff will briefly reply to the arguments advanced by Trans Union in its reply.  Most of the disagreement with Trans Union centers on its "threshold requirement" argument.  Trans Union argues that plaintiff must demonstrate that Midland is unreliable before she can on discovery on whether Midland is reliable.  Of course, according to Trans Union, she can not make this showing by claiming Midland's report about her was erroneous.  This is circular reasoning and requires no further response other than what has been set forth.

Defendant accuses plaintiff of misrepresenting to the court several items.  First, it

1

claims that plaintiff unfairly cited *Soghomonian v. U.S.*, Case No. CV F 99-5773 (E.D. Cal. July 29, 2003) as the opinion was apparently withdrawn.  Plaintiff cited the case not just because the court criticized the process but the jury did also, with a large verdict.  This case was persuasive to the District of Arizona just three months ago, *see Christopher Centuori V. Experian Information Solutions,* (Ariz. 2006)No. Civ 04-013-TUC-CKJ.  Apparently it is not unfair to Justice Powell to cite vacated opinions as he stated that even a vacated opinion, while no longer the law of the case, still may carry "persuasive authority," *Los Angeles v. Davis,* 440 U.S. 625, 646 n. 10, 99 S.Ct. 1379, 1391 n. 10, 59 L.Ed.2d 642 (1979) (Powell, J., dissenting).  The Ninth and DC Circuits also agree. *Lolli v. County of Orange*, 351 F.3d 410 (9th Cir. 2003); *Coalition to End the Permanent Cong v. Runyon*, 979 F.2d 219 (D.C. Cir. 1992).

     Defendant criticizes plaintiff because she alleged that "the bureaus" had knowledge of creditor manipulation of data but won't "retract" the statement.  Plaintiff's independent evidence related to defendant Experian and was reconfirmed by depositions in this case as set forth in plaintiffs response to defendant Experian's motion for summary judgment (see Centanni Deposition).  Plaintiff has no independent evidence that Trans Union has actual knowledge at this time. While it doesn't show that Trans Union knows, it shows that the debt buyer information is in fact suspect.

     Trans Union criticizes plaintiff for claiming that they have been ordinarily unsuccessful in arguing that the CDV process constitutes reasonable procedures as a matter of law.  They cite cases showing that in order to recover plaintiff must show that before a bureau must investigate they must have indications that the information is unreliable.  Admittedly, plaintiff did not count the cases to which Trans Union was a party

to such an argument and calculate the results.  She was just stating that the **majority** view, especially in the Eastern District of Missouri, as set forth in her summary judgment responses allows that showing to be made by the plaintiff's dispute putting the bureau on notice.  She also believes the cases that so decide violate the Seventh Amendment and explained that in detail in her summary judgment responses.

Finally, defendant suggests that the requested discovery is burdensome.  Trans Union makes no suggestion as to what may not be burdensome.  Their answer is that plaintiff should get no discovery at all and then the court should grant summary judgment because she can not prove Midland is unreliable except for her own testimony.  Trans Union wants its cake and to eat it too.  Plaintiff trusts the court will fashion a reasonable order considering all of the facts of this case.


/s/ Blair K. Drazic
BLAIR K. DRAZIC     #10208
Attorney for Plaintiff
711 Old Ballas Road, Suite 220
Creve Coeur, MO  63141
PH:  314-989-0071
Fax: 314-989-1159


CERTIFICATE OF SERVICE

A copy of the foregoing will be served via the ECF system.


/s/ Blair K. Drazic